**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

LYNN MCCRACKEN,

        *Plaintiff*,

    v.                                              Civil Action No. 1:25-cv-02028 (UNA)

STATE OF COLORADO, *et al.*,

        *Defendants*.

**MEMORANDUM OPINION**

Before the Court is Plaintiff Lynn McCracken's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2.  The Court grants the IFP Application and, for the following reasons, dismisses McCracken's suit without prejudice.

McCracken sues more than 30 defendants—including the state of Colorado, cities, courts, judges and staff, officials, and agencies all located in Colorado—as well as U.S. Senators and some federal agencies.  *See* Compl. at 1–2.  McCracken does not provide addresses for any of the Defendants, some of whom are unnamed, all of which contravenes D.C. Local Civil Rule 5.1(c)(1). Further, McCracken's allegations are rambling and difficult to follow.  At root, McCracken seems to take issue with the outcome of proceedings in the 7th Judicial District in Montrose, Colorado. *See id.* at 2–5.  She demands assorted equitable relief, including vacatur of orders issued by the 7th Judicial District and a stay of those proceedings, and "treble damages."  *Id*. at 6–7.

But *pro se* litigants must comply with the Federal Rules of Civil Procedure, *see Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987), and here, the Complaint fails to comply with Rule 8(a), which requires "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). Rule 8 ensures that defendants receive fair notice of any claims being asserted against them so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). McCracken's allegations are not simple, concise, or direct, *see* Fed. R. Civ. P. 8(d)(1); the paragraphs are not limited to a single set of circumstances, *see* Fed. R. Civ. P. 10(b); and the intended claims are not cognizable enough to provide either the Court or the Defendants with adequate notice, *see* Fed. R. Civ. P. 8(a). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments[,]" it does not meet the requirements of Rule 8. *Brown*, 75 F.R.D. at 499. McCracken's Complaint falls squarely into that category.

The Court also finds no merit in McCracken's assertions that a far-reaching conspiracy has been orchestrated against her in multiple forums, as she offers "only 'a laundry list of wrongful acts and conclusory allegations to support her theory of a conspiracy,'" and such allegations are patently "'insufficient to allow the case to go forward.'" *Curran v. Holder*, 626 F. Supp. 2d 30, 34 (D.D.C. 2009) (quoting *Richards v. Duke Univ.*, 480 F. Supp. 2d 222, 233 (D.D.C. 2007)). And as to McCracken's request that the Court alters determinations rendered by the 7th Judicial District of Colorado, federal district courts generally lack jurisdiction to review or otherwise interfere with the decisions and actions of state courts. *See Richardson v. D.C. Ct. of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996).

Finally, insofar as McCracken demands a writ of mandamus directing the Department of Justice to investigate her claims, *see id.* at 5–6, this Court has no authority to compel the government to initiate a criminal investigation or to prosecute a criminal case. *See Shoshone–*

*Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995). The decision whether to prosecute, and for what offense, rests with the prosecution, *see Bordenkircher v. Hayes*, 434 U.S. 357 (1978), and "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). McCracken also cannot compel a criminal investigation by any law enforcement agency by filing a civil complaint. *See Otero v. U.S. Atty. Gen.*, 832 F.2d 141, 141–42 (11th Cir. 1987) (per curiam); *Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982). Rather, "an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985).

For the foregoing reasons, this case is dismissed without prejudice. McCracken's other pending Motions, *see* ECF Nos. 5–6, 8–14, 16–18, 20, 24, and 26–27, are all denied as moot. A separate Order accompanies this Opinion.


DATE:  October 8, 2025

CARL J. NICHOLS
United States District Judge